Deaderick, J.,
delivered the opinion of the court.
The plaintiff in error brought an action of ejectment against defendant in Circuit Court of Campbell county.
The defendant demurred to the declaration.
1. For want of sufficiently certain description of the land sued for.
2. For want of averment of title in plaintiff to the land sued for.
3. For' not avering by what claim of right defendant entered upon the land.
The demurrer was sustained and judgment rendered against plaintiff for costs, and he appealed in error to this court. The Code, s. 3235, requires that the declaration shall specify the quantity of plaintiff’s estate, and the extent of his interest in the land, with convenient certainty, by metes and bounds, or other appropriate descriptions. So s. 3247 provides, correla-tively, that the verdict shall specify the extent and quality of plaintiff’s estate, and shall also describe the premises with reasonable certainty by metes and bounds, or other sufficient description.
The premises sued for are described as “lying and being in the first civil district of Campbell county, Tennessee, and bounded on the north by the lands of Harvey G. Redmour, on the east by the lands of Ahaz Johnson, on the. west by the land of Rufus *464 Grant, and on the south by the meanders of Clinch River, containing,” &c.
Where all the premises described in the declaration are recovered, the verdict is rendered for all the land described in the declaration.
If the recovery is of less than the whole declared for, the verdict should describe by metes and bounds, or other sufficient description, the part recovered, so that possession ■ can be delivered upon a writ of possession. In 4 Sneed, 468, this court held, where a part only of the land sued for was recovered, the verdict should describe it by metes and bounds, or by a reference to the lines of other tracts, or by natural or artificial objects. See also 5 Sneed, 690.
In this case three of the lines of the premises sued for are described in the declaration by reference to the lines of other tracts, and the remaining line by reference to a natural object. We are therefore of opinion that the boundaries of the premises sued for are described with “ convenient certainty,” and may be as readily ascertained as if described by course and distance.
The declaration avers that plaintiff was possessed of the premises, claiming in fee, and thus sufficiently sets forth the estate claimed.
Nor is it necessary that the declaration should aver by what claim or title the defendants entered upon or hold possession of the land sued for. ' It is sufficient that ■ the declaration charges that the defendants entered thereon, and unlawfully withhold the same, to plaintiff’s damage.
*465 The judgment of the Circuit Court sustaining the demurrer was therefore erroneous and must be reversed, and the cause will be remanded for further proceedings.